UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKUMARAN MUTHU,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DHS/ICE-EL CENTRO, et al.,<br><br>        Defendants. | Case No. 14-CV-967-BAS (JMA)<br><br>**REPORT AND RECOMMENDATION RE DEFENDANT AUHL'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br>**[ECF No. 11]** |

Sukumaran Muthu ("Plaintiff"), formerly an immigration detainee at the U.S. Department of Homeland Security's ("DHS") Immigration and Custom Enforcement's ("ICE") Processing Center in El Centro, California, is proceeding in pro se and *in forma pauperis* in this civil rights action previously construed by the Court as arising under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**I.    Procedural History**

Plaintiff initiated this action on April 17, 2014. (ECF No. 1.) On August 29, 2014, the Court, liberally construing Plaintiff's case to arise under Bivens, dismissed all claims alleged in the Complaint with the

exception of an inadequate medical care claim alleged against Defendants Auhl, Chan, and Carreno. (ECF No. 6.) The Court directed the United States Marshal's Service to effect service of the Complaint on these defendants. (Id.) On November 12, 2014, Defendant Auhl filed a Motion to Dismiss for lack of subject- matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (ECF No. 11.) Plaintiff filed an opposition on December 15, 2014. (ECF No. 18.) Defendant Auhl filed a reply on January 9, 2015. (ECF No. 23.)[1]

The Court has determined that the motion is suitable for disposition upon the papers without oral argument. See S.D. CAL. CIVLR 7.1(d)(1).

## II.   Factual Allegations[2]

Plaintiff was housed as a detainee at the DHS/ICE-El Centro Detention Center on August 20, 2011. See Compl. at 6. Plaintiff has experienced severe pain in his right shoulder since that date, and alleges that Defendant Auhl, head of the facility's clinical department, and Defendants Carreno and Chan, facility medical providers, were deliberately indifferent to his medical needs. (Id. at 3, 6.) Plaintiff sues each of the defendants in their individual and official capacities. (Id. at 3.)

Plaintiff lodged a complaint with the facility's medical department, but was only prescribed ibuprofen for the pain. (Id. at 6.) Plaintiff endured months of pain until he was seen by a specialist outside of the facility in February 2012. (Id.) The doctor performed an injection and assured Plaintiff he would be pain-free for six months. (Id.) However, the pain returned ten days later. (Id.) Defendants referred Plaintiff back to the

---

[1] Defendant Carreno filed an Answer to Plaintiff's Complaint on October 24, 2014. (ECF No. 8.) Defendant Chan has not appeared in the case.

[2] The allegations are those set forth in Plaintiff's Complaint.

specialist, who recommended an MRI scan, which occurred two months later. (Id.) The specialist recommended surgery after the MRI revealed damage to Plaintiff's right shoulder ligament. (Id.)

Plaintiff continued to endure pain until the surgery was performed on September 25, 2012. (Id.) A week after the surgery, the surgeon removed the surgical staples and referred Plaintiff to physical therapy. (Id.) The surgeon warned Plaintiff that the therapy had to start immediately, and that Plaintiff could face additional problems if his shoulder ligaments did not heal properly. (Id.) Plaintiff was not provided with physical therapy, however, and claims he lost most of the function in his right arm. (Id.) After making several complaints to the facility's medical department as well as directly to Defendant Auhl, Plaintiff was transported to see the surgeon in November 2012. (Id.) Afterwards, Plaintiff continued to complain to the facility about pain but was only prescribed pain medication. (Id. at 7.) He was scheduled to see the surgeon again in February 2013, but the doctor rejected the appointment until after physical therapy had begun. (Id.) During an exam conducted on March 19, 2013, the doctor stated that Plaintiff's outcome was not his fault, but was due to the failure of the facility. (Id.) He advised Plaintiff that another surgery of the right shoulder was necessary. (Id.)

Plaintiff began physical therapy on April 4, 2013. (Id.) After going twice per week for four weeks, the physical therapist recommended that Plaintiff return to the doctor because his arm was not responding to the therapy. (Id.) Plaintiff alleges that because it took so long to send him to physical therapy, his shoulder healed incorrectly. (Id.) Plaintiff states that Defendant Auhl denied the referral for a second surgery, allegedly telling Plaintiff, "In this country, shoulder surgeries are only one percent successful and another ninety-nine percent are not going to be good." (Id.)

At Auhl's referral, Plaintiff saw the surgeon again on January 15, 2014. (Id. at 8.) The surgeon tried one remaining option, an injection performed under anesthesia. (Id.) The pain worsened after this treatment. (Id.) Plaintiff attended physical therapy, but the therapist stated that the procedure had not worked, and that only another surgery would work, and refused to start therapy. (Id.)

Plaintiff alleges that Defendants refuse to allow the second required surgery. (Id.) Plaintiff continues to suffer from extreme pain on a daily basis due to Defendants' willful and callous indifference. (Id. at 5.)

### III. Discussion

Defendant Auhl moves to dismiss the sole claim alleged against him for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that as a Public Health Service Officer, he is immune from such a claim.

#### A. Legal Standard

A party may move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). "Federal courts are courts of limited jurisdiction . . . [and] possess only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction is on the party asserting jurisdiction. Id. The Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A Rule 12(b)(1) motion asserting lack of subject-matter jurisdiction may be either a facial attack on the sufficiency of the pleadings or a factual

attack on the basis for a court's jurisdiction. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Moreover, the Court need not presume the truth of the plaintiff's allegations when resolving a factual attack. Id. Once the moving party has presented affidavits or other evidence in support of its factual attack on the basis for the Court's jurisdiction, the plaintiff must furnish affidavits or other evidence necessary to satisfy his burden of establishing subject-matter jurisdiction. Id.

### B. Inadequate Medical Care Claim

Defendant Auhl contends that as an officer of the United States Public Health Services ("PHS"), he is entitled to absolute immunity from suit for the performance of medical duties and related functions within the scope of his employment while stationed at the DHS/ICE-El Centro Processing Center. The Public Health Service Act ("PHSA"), 42 U.S.C. § 233, provides in relevant part:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28 [the Federal Tort Claims Act] . . . for damage for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a). As held by the U.S. Supreme Court, "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of

5

14cv967

their employment by barring all actions against them for such conduct." Hui v. Castaneda, 559 U.S. 799, 806 (2010). Section 233(a) limits recovery for such conduct to suits against the United States under the Federal Tort Claims Act ("FTCA"). Id. "[P]roof of scope [of employment] is in most § 233(a) cases established by a declaration affirming that the defendant was a PHS official during the relevant time period." Id. at 811.

In support of his claim of absolute immunity, Defendant Auhl has submitted a sworn declaration that he has been employed by the PHS as a commissioned Public Health Service Officer from August 2004 to the present. Auhl Decl. ¶ 3. Between September 2009 and November 2011, he worked as a nurse manager at the ICE Processing Center in El Centro. Id. ¶ 4. From November 2011 to October 2014, he worked as a Health Services Administrator at the facility. Id. These time periods encompass the entirety of the period at issue in Plaintiff's Complaint. Auhl further attests that any involvement he may have had with the medical treatment provided to Plaintiff, or any other action he may have taken with respect to Plaintiff, was exclusively in his capacity as a PHS officer. Id. ¶ 5. From 2009 to June 2014, Auhl held the rank of Lieutenant Commander in the PHS. Id. ¶ 6. On June 1, 2014, he was promoted to the rank of Commander. Id.

The majority of Plaintiff's 116-page opposition has no bearing on the issue of Defendant Auhl's immunity. See Opp'n, ECF No. 18. To the extent he does address the immunity issue, Plaintiff does not challenge that Auhl is a PHS officer, but rather contends that the immunity question cannot be determined without some factual development. Id. at 15. Specifically, citing Slavin v. Curry, 574 F.2d 1256 (5th Cir. 1978), he states that additional inquiry is required to determine whether the immunity extends to participation in a conspiracy. Id. at 15-16. In Slavin, the court

reasoned that additional inquiry, by way of a hearing, was necessary to determine the existence and extent of any immunity because liability could arise not only through an individual's actions, but also through participation in a conspiracy.  Slavin, 574 F.2d at 1263.  As an example, the court noted that private individuals cannot be held liable under 42 U.S.C. § 1983 for their conduct, but may nevertheless be held liable if they conspired with a person who acted under color of state law.  Id.  In contrast, however, the Supreme Court has found that the issue of immunity for PHS personnel begins and ends with the text of section 233(a).  Hui, 559 U.S. at 805.  Section 233(a) explicitly provides that the remedy against the United States provided by the FTCA "*shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee* (or his estate) whose act or omission gave rise to the claim."  Id. at 805 (citing 42 U.S.C. § 233(a)) (emphasis in original).  The text of section 233(a) plainly indicates that it forecloses a Bivens action against Defendant Auhl, as a PHS official, for the harm alleged in this case, and permits no other civil action against Auhl arising out of the performance of his medical and related functions other than a claim asserted against the United States under the FTCA.

The Court concludes that it lacks subject-matter jurisdiction over Defendant Auhl because he entitled to absolute immunity under section 233(a).  The Court thus recommends that Auhl's Motion to Dismiss be **GRANTED** and that all claims against Auhl be **DISMISSED** with prejudice.

### IV. Conclusion and Recommendation

For the foregoing reasons, this Court hereby recommends that Defendant Auhl's motion to dismiss be **GRANTED** and that the claims asserted against him by Plaintiff be **DISMISSED** with prejudice.

This Report and Recommendation is submitted to the Honorable Cynthia A. Bashant, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that not later than March 27, 2015, any party may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than April 10, 2015. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 5, 2015

_____
Jan M. Adler
U.S. Magistrate Judge