# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKUMARAN MUTHU<br><br>                     Plaintiff,<br><br>     v.<br><br>U.S. DHS/ICE-EL CENTRO, *ET AL.*<br><br>                     Defendants. | Case No.  14-cv-00967-BAS(JMA)<br><br>**ORDER:**<br><br>**(1) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY; AND**<br><br>**(2) GRANTING DEFENDANT AUHL'S MOTION TO DISMISS WITH PREJUDICE**<br><br>(ECF Nos. 11, 27) |

On April 17, 2014, plaintiff Sukumaran Muthu ("Plaintiff"), formerly an immigration detainee at the U.S. Department of Homeland Security's ("DHS") Immigration and Custom Enforcement's ("ICE") Processing Center in El Centro, California, who is proceeding *pro se* and *in forma pauperis*, filed this civil rights action which the Court previously construed as arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotic*s, 403 U.S. 388 (1971). On March 5, 2015, United States Magistrate Judge Jan M. Adler issued a Report and Recommendation ("R&R"), recommending that this Court grant the motion to dismiss filed by Defendant Herman Auhl ("Auhl") (ECF No. 11) with prejudice. The time for filing objections to the R&R expired on March 27, 2015.  (R&R at p.

8:3-6.)  To date, Plaintiff has not filed any objections.

I.    ANALYSIS

The court reviews *de novo* those portions of the R&R to which objections are made.  28 U.S.C. § 636(b)(1).  It may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report).  "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."  *Reyna-Tapia*, 328 F.3d at 1121.  This rule of law is well-established within the Ninth Circuit and this district.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In this case, the deadline for filing objections was March 27, 2015.  However, over a month has passed since the deadline lapsed and no objections have been filed.  Moreover, Plaintiff has not requested additional time to file objections.  Consequently, the Court may adopt the R&R on that basis alone.  *See Reyna-Tapia*, 328 F.3d at 1121.  Nonetheless, having conducted a *de novo* review of the briefing related to Auhl's motion to dismiss for lack of subject matter jurisdiction and the R&R, the Court concludes that Judge Adler's reasoning is sound and accurate in concluding that Auhl's motion to dismiss should be granted with prejudice.  (*See*

R&R at p. 7.)  Therefore, the Court hereby **APPROVES AND ADOPTS IN ITS ENTIRETY** the R&R.  *See* 28 U.S.C. § 636(b)(1).

## II.     CONCLUSION & ORDER

Having reviewed the R&R and there being no objections, the Court **APPROVES AND ADOPTS IN ITS ENTIRETY** the R&R (ECF No. 27), and **GRANTS** Auhl's motion to dismiss **WITH PREJUDICE** (ECF No. 11).

**IT IS SO ORDERED.**

**DATED:  May 15, 2015**

Hon. Cynthia Bashant
United States District Judge