UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUTHU SUKUMARAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DHS/ICE-EL CENTRO, *ET AL.*,<br><br>　　　　　　　　Defendants. | Case No.  14-cv-00967-BAS(JMA)<br><br>**ORDER GRANTING DEFENDANT FREDDY CARRENO'S MOTION TO DISMISS FOR LACK OF PROSECUTION PURSUANT TO FED. R. CIV. P. 41(b)**<br><br>(ECF No. 34) |

　　　　Plaintiff Muthu Sukumaran ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this civil rights action on April 17, 2014.  (*See* ECF Nos. 1, 6.)  Presently before the Court is a motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) filed by Defendant Freddy Carreno.  (ECF No. 34.)  No opposition was filed.

　　　　The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS** Defendant Carreno's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b).

///

## I. BACKGROUND

Plaintiff, previously an immigration detainee at the U.S. Department of Homeland Security's Immigration and Customs Enforcement's Processing Center in El Centro, California,[1] commenced this civil rights action on April 17, 2014. (ECF No. 1.) On August 29, 2014, the Court dismissed without prejudice Plaintiff's claims against all defendants except for Defendants Auhl, Chan, and Carreno. (ECF No. 6.) On October 24, 2014, Defendant Carreno filed an Answer to the Complaint. (ECF No. 8.) On November 12, 2014, Defendant Auhl filed a motion to dismiss for lack of jurisdiction, which was granted with prejudice on May 15, 2015. (ECF Nos. 11, 31.) Plaintiff, through the United States Marshal Service, was unable to serve Defendant Chan. (*See* ECF Nos. 28-30.)

Plaintiff participated in a Case Management Conference ("CMC") on December 8, 2014. (ECF No. 13.) After Defendant Auhl was dismissed, a telephonic CMC was set by United States Magistrate Judge Jan M. Adler for June 3, 2015. (ECF No. 32.) The CMC did not go forward due to Plaintiff's failure to appear. (ECF No. 33.) Defendant Carreno represents that no discovery has been conducted and no depositions have been set in this case. (ECF No. 34 at p. 4.) On November 23, 2015, Defendant Carreno filed a motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) with a hearing date of January 19, 2016. (ECF No. 34.) Plaintiff did not file an opposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances.'" *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (*citing Dahl v. City of*

---

[1] Plaintiff filed a Notice of Change of Address to a location in Maryland on March 4, 2015. (ECF No. 26.)

*Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996)).  Under Ninth Circuit precedent, a district court must consider the following factors before involuntarily dismissing a case: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998))*; see also Nealy v. Transportacion Maritma Mexicana, S.A*., 662 F.2d 1275, 1278-79 (9th Cir. 1980).  Dismissal will be affirmed where at least four factors support dismissal, or where at least three factors strongly support dismissal.  *Id*.  Although preferred, it is not necessary for a district court to make explicit findings in order to show that it has considered these factors.  *Id*.

### III.  DISCUSSION

Upon consideration of the factors, the Court finds that all of the factors, with the exception of the public policy favoring disposition of a case on its merits, strongly support dismissal.  Plaintiff has not appeared in this case since March 4, 2015, when he filed a Notice of Change of Address.  (*See* ECF No. 26.)  He failed to appear at the CMC on May 15, 2015.  (*See* ECF No. 33.)  Defendant Carreno represents that "[P]laintiff has done nothing to prosecute his case" since the CMC on December 8, 2014.  (ECF No. 34-1 at ¶ 9.)  Given Plaintiff's failure to prosecute his case for over a year, the Court finds the public's interest in expeditious resolution of litigation and its own need to manage its docket strongly support dismissal.

The factors which consider the risk of prejudice to Defendant Carreno and the availability of less drastic alternatives also strongly support dismissal.  Plaintiff bears the burden of presenting evidence excusing his delay in prosecuting his case.  *See Nealy*, 662 F.2d at 1280-81.  Plaintiff has not opposed this motion or presented any evidence excusing his delay.  "[I]f the plaintiff proffers no pleading or presents no proof on the issue of (reasonableness [of the delay]), the defendant wins."  *Id*. at 1280

(citing *Larios v. Victory Carriers, Inc.*, 316 F.2d 63, 67 (2d Cir. 1963)). The burden of production does not shift to the defendant to show at least some actual prejudice unless Plaintiff proffers a non-frivolous excuse for his delay. *See id.* at 1281. Therefore, Defendant Carreno was not required to present evidence of some actual prejudice. However, as Defendant Carreno pointed out, this is a civil rights action in which Plaintiff claims Defendant Carreno violated his constitutional right to adequate medical care while in custody, and in the approximately twenty-two (22) months since the filing of the Complaint, "[w]itnesses have likely relocated . . . ; memories concerning [P]laintiff's stay at the detention facility have likely faded; and evidence may no longer exist (i.e., [P]laintiff's medical file) given that [P]laintiff was a temporary detainee, and has since relocated to Maryland." (ECF Nos. 34-1 at ¶ 10; and 6 at p. 13.) Given Plaintiff's lengthy and unreasonable delay, which he has failed to excuse, and the high possibility of prejudice to Defendant Carreno, the Court finds these factors strongly weigh in favor of dismissal. *See Alexander v. Pac. Mar. Assoc.*, 434 F.2d 281, 283 (9th Cir. 1971) ("Unreasonable delay creates a presumption of injury to [a defendant's] defenses.").

Lastly, Plaintiff's failure to appear at the telephonic CMC, pursue discovery, or oppose this motion does not leave the Court with less drastic alternatives. As the Court finds that four of the five factors strongly weigh in favor of dismissal, the Court **GRANTS** Defendant Carreno's motion to dismiss.

### IV.  CONCLUSION & ORDER

Based on the foregoing, the Court **GRANTS** Defendant Carreno's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) (ECF No. 34).

**IT IS SO ORDERED.**

DATED: February 3, 2016

Hon. Cynthia Bashant
United States District Judge